UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN MOORE,

                Petitioner,

                                        CIVIL ACTION NO. 05-CV-60014-AA

v.                                     HONORABLE MARIANNE O. BATTANI

SHERRY BURT,

                Respondent.

_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS,
AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

      Petitioner Jonathan Moore, a state prisoner currently confined at the Southern Michigan

Correctional Facility in Jackson, Michigan, has filed a petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights.  This

matter is before the Court on Respondent's motion for summary judgment seeking dismissal of

the petition as untimely.  For the reasons set forth below, the Court grants Respondent's motion

and dismisses the petition for failure to comply with the one-year statute of limitations set forth

at 28 U.S.C. § 2244(d).

**I.**      **Facts and Procedural History**

      Petitioner was convicted of armed robbery following a jury trial in the Wayne County

Circuit Court in 1981 and was sentenced to 40 to 60 years imprisonment.  Petitioner filed an

appeal as of right with the Michigan Court of Appeals, which affirmed his conviction.  *People v.*

*Moore*, No. 62818 (Mich. Ct. App. Nov. 9, 1983). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Moore*, No. 73100 (Mich. June 29, 1984).

Petitioner also filed a motion for new trial with the trial court, which was denied. He filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Moore*, No. 95562 (Mich. Ct. App. April 1, 1987). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Moore*, No. 80754 (Mich. Sept. 9, 1987).

Petitioner filed an initial petition for writ of habeas corpus in this District, which was dismissed without prejudice for failure to exhaust state court remedies. *Moore v. Wells*, No. 88-CV-70088-DT (E.D. Mich. June 8, 1988). Petitioner's requests for a certificate of probable cause were denied by the United States Court of Appeals for the Sixth Circuit. *Moore v. Wells*, No. 88-1732 (6th Cir. Sept. 25, 1989); *Moore v. Wells*, No. 89-1961 (6th Cir. Nov. 17, 1989).

Petitioner then filed a motion for relief f rom judgment with the state trial court, which was denied on May 10, 1991. He filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Moore*, No. 158249 (Mich. Ct. App. March 12, 1993). Petitioner also filed a delayed application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Moore*, No. 96486 (Mich. Aug. 27, 1993).

On April 4, 2002, Petitioner filed a second motion for relief from judgment with the state trial court, which was denied on June 25, 2002. He filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Moore*, No. 246425 (Mich. Ct. App. Aug. 13, 2004). Petitioner also filed an application for leave to appeal with the

2

Michigan Supreme Court, which was denied.  *People v. Moore*, No. 124729 (Mich. April 30,

2004).

Petitioner dated his present petition for writ of habeas corpus January 11, 2005 and it was

filed by the Court the next day.  In his pleadings, Petitioner asserts that the trial judge invaded

the province of the jury and that trial and appellate counsel provided ineffective assistance.

Respondent filed the instant motion for summary judgment on August 18, 2005 asserting that the

petition fails to comply with the one-year statute of limitations applicable to federal habeas

actions.  Petitioner has filed a response to the motion.

II.    **Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28

U.S.C. § 2241 *et seq*., became effective on April 24, 1996.  The AEDPA governs the filing date

for this action because Petitioner filed his petition after the AEDPA's effective date.  *See Lindh*

*v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA amended 28 U.S.C. § 2244 to include a one-

year period of limitations for habeas petitions brought by prisoners challenging state court

judgments.  The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of
>> direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by
>> State action in violation of the Constitution or laws of the United States is
>> removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court, if the right has been newly recognized
>> by the Supreme Court and made retroactively applicable to cases on

3

          collateral review; or

          (D) the date on which the factual predicate of the claim or claims
          presented could have been discovered through the exercise of due
          diligence.

        (2) The time during which a properly filed application for State post-conviction or
        other collateral review with respect to the pertinent judgment or claim is pending
        shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

      Petitioner's convictions became final before the AEDPA's April 24, 1996 effective date.

Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-

year grace period in which to file their federal habeas petitions.   *See Abela v. Martin*, 348 F.3d

164, 167 (6th Cir. 2003), *cert. den. Caruso v. Abela*, _ U.S. _, 124 S. Ct. 2388 (2004).

Accordingly, Petitioner was required to file his habeas petition on or before April 24, 1997,

excluding any time during which a properly filed application for state post-conviction or

collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

      Petitioner did not file his second state court motion for relief from judgment until April 4,

2002.  Thus, the one-year limitations period had expired well before Petitioner sought state post-

conviction review.  A state court post-conviction motion that is filed following the expiration of

the limitations period cannot toll that period because there is no period remaining to be tolled.

*See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d

1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).  Thus,

Petitioner's state post-conviction proceedings did not toll the running of the statute of

limitations.  The AEDPA's limitations period is only tolled while a prisoner has a properly filed

post-conviction motion under consideration.  *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F.

4

Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that the state created an impediment to the filing of his habeas petition or that his claims are based upon newly-discovered facts or newly-recognized constitutional rights. His habeas action is therefore barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner sets forth no circumstances which caused him to institute his state court

5

collateral proceedings after the expiration of the one-year limitations period.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).  *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190.  As explained in *Souter, supra*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial."  *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.  Petitioner, however, has made no such showing.  He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period.

**III.**     **Conclusion**

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed.  In such a case, no appeal is warranted.  *Id.*

Having considered the matter, this Court is satisfied that jurists of reason could not find this Court's procedural ruling debatable.  No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a).

7

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: September 21, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JONATHAN MOORE,

                 Petitioner,

                                            CIVIL ACTION NO. 05-CV-60014-AA
v.                                      HONORABLE MARIANNE O. BATTANI

SHERRY BURT,

                 Respondent.

_____/

## **<u>JUDGMENT</u>**

       The above-entitled matter having come before the Court on a Petition for Writ of Habeas

Corpus, Honorable Marianne O. Battani, United States District Judge, presiding, and in accordance

with the Opinion and Order entered on this date;

       **IT IS ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus is

**DISMISSED WITH PREJUDICE.**

       **SO ORDERED.**


                                         s/Marianne O. Battani_____
                                         MARIANNE O. BATTANI
                                         UNITED STATES DISTRICT JUDGE

DATED: September 21, 2005___